**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RONALD EDWARD WILLIAMS,
Plaintiff,

v.

No. 09-CV-1298 (FJS/DRH)

KEITH DUBRAY, Acting Director, Special Housing.
Defendant.[1]

---

**APPEARANCES:** **OF COUNSEL:**

RONALD EDWARD WILLIAMS
Plaintiff Pro Se
No. 14993
Cayuga County Jail
7445 County House Road
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN
Attorney General for the
State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

CHARLES J. QUACKENBUSH, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff pro se Ronald Williams ("Williams"), formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Keith Dubray, a DOCCS employee, violated his constitutional rights under the Eighth and Fourteenth Amendments.

---

[1] By a Memorandum-Decision and Order dated July 27, 2010, three other defendants were all dismissed, with prejudice, from the present action. Dkt. No.12. T

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Am. Compl. (Dkt. No. 9). Presently pending is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 18. Williams opposes the motion. Dkt. No. 20. For the following reasons, it is recommended that defendant's motion be denied.

## I. Background

### A. Procedural History

On or about November 19, 2009, Williams filed his initial complaint. Compl. (Dkt. No. 1). By a Memorandum-Decision and Order dated February 5, 2010, Williams was ordered to file a new complaint and advised Williams that allegations surrounding his disciplinary sanction would be barred pursuant to the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), unless Williams separated his allegations and pursued monetary remedies only for those sanctions which interfered with his conditions of confinement. Dkt. No. 6 at 9-10 (quoting Peralta v. Vasquez, 467 F.3d 98, 104 (2d. Cir. 2006) ("[A] prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*"). Id. at 10.

On or about March 29, 2010, Williams' amended complaint was filed. Am. Compl. In the amended complaint, Williams stated that he "waives **for all times** all claims in this action relating to disciplinary sanctions affecting the duration of his confinement." Am. Compl. ¶ 14, at 7. By a Memorandum-Decision and Order dated July 27, 2010, the District Court found "that the factual allegations in the amended complaint [we]re essentially

unchanged from those in [the] original complaint." Dkt. No. 12 at 2. After discussing Williams' three claims, the Court determined that the only one "sufficient to warrant a response," was that alleged against defendant Dupray. Id. at 8.

### B. Factual History

The facts are related herein in the light most favorable to Williams as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

On April 22, 2007, Williams received a misbehavior report charging that he committed bribery, extortion, and solicitation. Am. Compl. ¶ 6 at 4; see also Dkt. No. 9 at 16 (misbehavior report). The misbehavior report alleged that Williams "attempted to defraud the United States treasury . . . by submitting federal tax forms . . . [and] receiv[ing] a tax refund check of $327,456.04 . . . [which] was then sent back to the IRS Fraud Detection Center and determined to be fraudulent." Dkt. No. 9 at 16. Williams had a disciplinary hearing where he was found guilty of soliciting goods or services. Am. Compl. ¶ 6 at 4. The record does not indicate what sentence Williams originally received. Williams appealed the decision. Am. Compl. ¶ ; see also Dkt. No. 9 at 18 (appealing decision because it was "[b]ased on insufficient tangible . . . evidence, [and because] there [wa]s nothing conclusive to determine any acts of wrong doing," as Williams' tax forms represented "an acknowledgment of a legitimate transaction between parties."). Defendant Dubray was assigned to the appeal and issued a decision stating that "the nature of the offense, however serious, d[id] not warrant the penalties imposed," and modified the punishment of

Williams' disposition to six months in the Special Housing Unit ("SHU")[3], as well as six months loss of packages, commissary, telephone, and good time. Dkt. No. 9 at 20-21. This action followed.

## II. Discussion

Williams claims that his Eighth[4] and Fourteenth Amendment rights were violated by Dubray's deliberate indifference in failing to reverse or vacate Williams' disciplinary sanctions.[5] In Williams' affidavit, he further clarified the position he advanced in his appeal,

---

[3] SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

[4] Williams' conclusory allegations that his confinement in SHU resulted in an Eighth Amendment violation are meritless. As Williams "has not alleged or presented any facts showing that his conditions of confinement in SHU were particularly severe, or that they jeopardized his health or safety," he has failed to establish an Eighth Amendment claim. Coleman v. Beale, 636 F. Supp. 2d 207, 212 (W.D.N.Y. 2009) (internal quotation marks and citations omitted).

[5] In Williams' response, he also claims that his Eighth Amendment rights have been violated because of the serious emotional and mental harm he has suffered. Williams Aff. (Dkt. No. 20 at 1-11) ¶ 5. This allegation was not part of his amended complaint and will not be further discussed. Moreover, Williams has still failed to plead an actionable claim. Pursuant to the Prisoner Litigation Reform Act of 1995 ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Williams states that he suffers from headaches and back pain (Williams' Aff. ¶ 23), but such claims are conclusory and fail to state a prior physical injury as it is unclear when these ailments began or how they have manifested. See Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999) ("[I]n the case of suits seeking damages for mental or emotional injuries. . . a defendant in a prisoner § 1983 suit may also assert an affirmative defense the plaintiff's failure to comply with the PLRA's requirements [and make a prior showing of a physical injury]."). Accordingly, since an inmate cannot recover on the basis of emotional distress alone, and because Williams'

stating unequivocally that his sanctions were not supported by sufficient evidence. Williams Aff. (Dkt. No. 20 at 1-11) ¶¶ 15-17. Defendant moves for dismissal because Williams has failed to allege Dubray's personal involvement, Williams due process claims are meritless, and Williams' claims are barred by the favorable termination rule.

## A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal

---

conclusory allegations proffer nothing more than that, he has failed to state a cause of action on this ground.

[conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

**B. Personal Involvement**

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;

> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Williams' principle argument against Dubray is that, if Dubray had properly reviewed the disciplinary transcript and accompanying records[6], he would have determined that there was insufficient evidence to uphold Williams' disposition. The standard for personal involvement is satisfied if the defendant engages in review or investigation. See Bodie v. Morgenthau, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) (citations omitted) (finding personal involvement only where a supervisory official received, reviewed, and responded to a prisoner's complaint); Johnson v. Wright, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002) ("[I]f mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose respondeat superior liability.") (citations omitted). Construing the facts in the light most favorable to Williams, he contends

---

[6] In Williams' response papers, he included an unabridged version of the transcript from the disciplinary hearing. Consideration of a motion to dismiss "is limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). This transcript was not attached to the amended complaint. Additionally, the transcript will not be considered on this motion.

that Dubray had the opportunity to review his disciplinary disposition, but did so inadequately. The documents attached to the complaint support this contention as they indicate that, pursuant to Dubray's assessment of the circumstances, Williams deserved punishment but less than had been imposed. Thus, Williams has sufficiently alleged Dubray's personal involvement as he reviewed and evaluated Williams' disciplinary disposition prior to modifying it.

Accordingly, defendant's motion to dismiss should be denied on this ground.

## C. Fourteenth Amendment

### 1. Liberty Interest

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). To establish a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995). This standard requires a prisoner to establish that the deprivation was atypical and significant in relation to ordinary prison life. Id. at 484; Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir.1996). The fact that an inmate has been disciplined with a segregated confinement alone is insufficient to establish an atypical and significant deprivation. The Second Circuit has articulated a two-part test whereby the length of time a prisoner was placed in segregation as well as "the conditions of the prisoner's segregated confinement relative to the conditions of the general prison population" are to be considered. Vasquez v. Coughlin, 2 F. Supp. 2d 255, 259

(N.D.N.Y.1998). The Second Circuit has noted that where the period of segregated confinement exceeds thirty days, "refined fact-finding" is required to resolve defendants' claims under Sandin. Colon v. Howard, 215 F.3d 227, 230 (2d Cir. 2000).

As a result of his disciplinary hearing, Williams was confined to SHU for six months. Therefore, he has alleged facts sufficient to exceed the thirty day threshold so that fact-finding is required to resolve his claims. As Williams has alleged facts sufficient to demonstrate a liberty interest, the procedure by which his liberty was curtailed must also be examined. See generally Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994) ("[P]rocedural due process questions [are analyzed] in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.") (citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)).

Accordingly, defendant's motion on this ground should be denied.

**2. Fair and Impartial Hearing**

While inmates are not given "the full panoply of [due process] rights," they are still afforded procedural process. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner is "entitled to advance written notice . . . ; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (citations omitted). Additionally, there must be "some evidence" which would indicate "'reliable

evidence' of [an] inmate's guilt" upon which to base the disciplinary decision so that arbitrary decisions are avoided. Luna v. Pico, 356 F.3d 481, 487-89 (2d Cir. 2004) (citations omitted).

Defendant states that "[s]ince no procedural deficiencies . . . are alleged to have occurred in the facility-level . . . [Williams] does not (and cannot) fault [defendant] Dubray for intentionally refusing to rectify them on appeal." Def. Memorandum of Law (Dkt. No. 18-1) at 7. However, reading the facts in the light most favorable to Williams', he does allege that there was a procedural deficiency in that he was found guilty based on insufficient evidence to establish his culpability. As this is a motion to dismiss, there is nothing in the record concerning the disciplinary hearing, or the supporting documents and testimony proffered during the hearing, which would serve as a basis for determining whether sufficient evidence was present. All that is offered is the misbehavior report, drawn from an officer's unsupported reports that Williams' received a fraudulent check based on his fraudulent tax return. Williams contends that there was no physical evidence or additional information elicited regarding the charges adequate to raise a question of material fact as to whether some evidence was present upon which to find Williams guilty.

Accordingly, defendant's motion to dismiss should be denied on this ground.

**3. False Misbehavior Reports**

An inmate enjoys the right not to be deprived of his liberty without due process. However, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "There must be more,

such as retaliation against the prisoner for exercising a constitutional right." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Franco v. Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988)). Furthermore, a fair hearing would cure any due process violations resulting from false accusations. Grillo v. Coughlin, 31 F.3d 53, 56 (2d Cir. 1994); Livingston v. Kelly, 561 F. Supp. 2d 329, 331 (W.D.N.Y. 2008) ("As the Second Circuit noted in its decision in this case, an inmate's allegation that he has been found guilty of false disciplinary charges may support a constitutional claim if he also alleges that he was denied the minimal procedural due process protections . . . ."). As discussed supra, Williams' has alleged facts sufficient to state a plausible due process claim. Thus, defendant's motion should be denied on this ground.

**4. Favorable Termination Rule**

The "favorable termination" rule of Heck v. Humphrey provides that if a determination favorable to the plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence," a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid in order to recover damages under § 1983. 512 U.S. at 487. This rule apples to challenges to procedures used in prison disciplinary proceedings. Edwards. v. Balisok, 520 U.S. 641 (1997). However, in Peralta v. Vasquez, the Second Circuit stated that "the favorable termination requirement is *not* intended to compel a prisoner to demonstrate that a sanction he seeks to challenge, or the procedure that led to it, has been invalidated before he can proceed under § 1983 when that sanction does not affect the term of his confinement." 467 F.3d 98, 104 (2d Cir. 2006).

In this case, Williams received both a loss of good time and a loss of commissary,

package, and telephone privileges. Thus, he received a "mixed sanctions" disposition. The Second Circuit has held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*." Peralta, 467 F.3d at 104. Williams has indicated in his amended complaint that he is willing to segregate his claims and "abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding . . . . ." Therefore, he is permitted to proceed separately with his challenge to the elements regarding his conditions of confinement which arose from his disciplinary disposition. Id. Williams' due process claim may proceed with respect to his challenges regarding the proceedings which resulted in his loss of commissary, packages, and the telephone.

Accordingly, defendant's motion should be denied on this ground.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No. 18) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 13, 2011
Albany, New York

David R. Homer
United States Magistrate Judge